UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE WILBURN,

                Plaintiff,

v.

VIRGINIA NGUYEN, ROBERT POLEMENI, ANDREW GRUBIN, CAROLYN POKORNY, UNITED STATES ATTORNEY'S OFFICE FOR THE EASTERN DISTRICT OF NEW YORK,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-4082 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

On May 30, 2023, Plaintiff Andre Wilburn, currently detained at the Brooklyn Metropolitan Detention Center, filed this *pro se* action seeking to redress the alleged deprivation of his Constitutional and federal statutory rights pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4).[1] ECF No. 1.  The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  For the reasons stated below, the Court dismisses the complaint.

## BACKGROUND

Plaintiff, a defendant in two pending criminal actions in this District, *see United States v. Wilburn*, No. 19-cr-108 and *United States v. Brown, et al.*, No. 19-cr-139-04, challenges the

---

[1] On June 7, 2023, Plaintiff also requested that "Affidavit in Support of Complaint" be filed as a separate docket entry in the instant action.  The affidavit was signed by Linda M. Wilburn who identified herself as Plaintiff's "legal assistant and law advisor."  *See* ECF Nos. 5, 5-1.  The Court cannot consider submissions signed by non-parties to this action unless it is submitted by an attorney representing the party.  Ms. Wilburn cannot represent Plaintiff or submit documents on his behalf unless she is a licensed attorney admitted to practice law and files a notice of appearance.  *See Hill v. Al Tisch*, No. 02-cv-3901, 2023 WL 2919499, at *1 (E.D.N.Y. Mar. 7, 2023) ("Section 1654 of Title 28 of the United States Code, which governs appearances in federal court, . . . allows two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.  The statute does not permit unlicensed laymen to represent anyone else other than themselves.").

status of various federal prosecutors assigned to his criminal cases.  *See* ECF No. 1 at 2–3 (stating that Defendants are not competent, duly appointed, or able to legally represent the government).  Plaintiff alleges that this case arises "under Federal Criminal Procedure ("Fed. R. Crim. P.") 1(B), Title 28, Sections 515, 543 and 544 of the United States Code ("USC") and Article IV Clause 3 of the United States Constitution."  ECF No. 1 at 1.

Plaintiff seeks three million dollars in damages, and declaratory and injunctive relief, including the dismissal of the charges against him.  *Id.* at 4.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon

---

[2]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

2

which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the IFP statute, 28 U.S.C. § 1915, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although the Second Circuit has warned that dismissing claims *sua sponte* without giving the plaintiff an opportunity to be heard "is, at a minimum, bad practice in numerous contexts and is reversible error in others," such dismissals "may be appropriate . . . in cases involving frivolous *in forma pauperis* complaints or frivolous habeas petitions" if "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). Those exact circumstances here justify the *sua sponte* dismissal of Plaintiff's complaint for the reasons explained below.

## DISCUSSION

### A. Prosecutor Immunity

Plaintiff's complaint cannot proceed against Defendant Assistant United States Attorneys ("AUSAs") Virginia Nguyen, Robert Polemeni, Andrew Grubin and Carolyn Pokorny. Prosecutors are entitled to absolute immunity while acting as advocates in the judicial phase of the criminal process. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process."); *see also Pizarro v. United States*, No. 22-cv-2125, 2022 WL 1751167 at *5 (S.D.N.Y. May 31, 2022) (dismissing complaint against AUSAs as frivolous and barred under the doctrine of prosecutorial immunity); *Tigano v. United States*, 527 F. Supp. 3d 232, 243 (E.D.N.Y. 2021) (holding that "[p]rosecutors performing core prosecutorial functions are entitled to absolute immunity from

3

suit"). Such protected conduct includes, when the prosecutor "initiat[es] and pursu[es] a criminal prosecution" and acts undertaken "in preparing for the initiation of judicial proceedings or for trial." *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005).

Here, Plaintiff's claims against the AUSAs are premised solely on the assignment of these AUSAs to his pending criminal actions. AUSAs Nguyen, Polemeni, Grubin and Pokorny are entitled to absolute immunity for acts performed in the judicial phase of the criminal cases against Plaintiff. Therefore, Plaintiff's complaint against the AUSAs is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

### B. Sovereign Immunity

As to any claims against the United States Attorney's Office ("USAO") for the Eastern District of New York, those claims are barred. The USAO is division of the United States Department of Justice, a federal agency. It is well-settled that the United States and its agencies have sovereign immunity from suit and can only be sued with its consent and under whatever terms Congress may impose. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *McPhee v. United States*, No. 21-cv-8672, 2021 WL 5014815, at *3 (S.D.N.Y. Oct. 27, 2021) (dismissing, *inter alia*, claims against the U.S. Department of Justice and the USAO SDNY). Therefore, Plaintiff's complaint against the USAO is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

### C. Younger Abstention

To the extent Plaintiff seeks the dismissal of the charges against him, that claim also fails. The Court will not intervene in Plaintiff's pending criminal cases as it is barred under *Younger v.*

*Harris*, 401 U.S. 27 (1971).  *See McPhee*, 2021 WL 5014815, at *2–3 (extending the holding of *Younger* to federal court proceedings and finding that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused").  The Court notes that Plaintiff has filed letters raising similar issues in his criminal cases.  *See, e.g., United States v. Wilburn*, No. 19-cr-108, ECF No. 233; *United States v. Brown, et al.*, No. 19-cr-139-04, ECF No. 191.  This Court will not entertain Plaintiff's objections or issues related to his pending criminal actions, as this is not the proper forum to raise such objections.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's complaint without leave to amend.  Given the many defects in Plaintiff's complaint, the Court denies leave to amend because any such amendment would be futile.  *See Johnson*, 2022 WL 683755, at *3 (denying leave to amend where court abstained based on *Younger* from intervening in state criminal proceeding); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss complaint without leave to amend where amendment would be futile).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment, close this case, mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated: Brooklyn, New York
       June 23, 2023